# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2015

Lyle W. Cayce
Clerk

No. 14-11336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANGEL MARIO HERRERA-MUNOZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-78-37

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Angel Mario Herrera-Munoz appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. For the first time on appeal, Herrera-Munoz argues that, following *Alleyne v. United States*, 133 S. Ct. 2151 (2013), any fact that increases the range of reasonable sentences must be found by a jury beyond a reasonable doubt. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11336

asserts that the district court's factual finding that he was responsible for 1.99 kilograms of actual methamphetamine violated his constitutional rights because it increased his statutory maximum and minimum sentences. The Government has moved for summary affirmance on the ground that the sole issue raised by Herrera-Munoz is foreclosed.

As Herrera-Munoz did not raise this issue in the district court, we review for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Herrera-Munoz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id*. If he makes such a showing, we have the discretion to correct the error, but should do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013), the defendant argued that *Alleyne* required that any fact that increased his minimum sentence, including facts that raised his guidelines range, must be found by a jury beyond a reasonable doubt. We rejected the argument, holding that *Alleyne* applied "only to facts that increase a statutory mandatory minimum sentence." *Id*. In the present case, Herrera-Munoz admitted to facts that established a statutory minimum sentence of five years of imprisonment, and no judicially found facts increased the statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(B)(viii). Accordingly, his argument is foreclosed. *See Tuma*, 738 F.3d at 693.

The Government's motion for summary affirmance is GRANTED. The Government's alternative motion to extend the time to file its brief is DENIED.

AFFIRMED.